FANNIE PHILLIPS

Plaintiff-Appellee

vs.

KEE TOM FARLEY

Defendant-Appellant

Decided on April 20, 1972

Daniel Deschinny, D.N.A., Window Rock, Arizona, for Plaintiff-Appellee

Charley John and Reynold V. Harrison, D.N.A., Shiprock, New Mexico, for Defendant-Appellant

Before KIRK, Chief Justice, BECENTI and YELLOWHAIR, Associate Justices

KIRK, Chief Justice

This matter comes before the Court on defendant's motion to re-open the hearing of this case on grounds of new evidence and the plaintiff's motion to "dismiss any further litigation" of this matter.

We hold that this Court has a general power to re-open a case before it when such action is necessary to promote justice: Rule 11, Rules of the Court of Appeals adopted March 30, 1972.

In the case of a motion to re-open a case on grounds of newly discovered evidence, the Navajo Courts will make the following requirements:

The evidence:

"(1) Must be such as would probably change the result on a new trial;

(2) Must have been discovered since the trial;

(3) Must be of such a nature that it could not have been discovered before trial by due diligence;

(4) Must be material; and

(5) Must not be merely cumulative or impeaching."

Montgomery Ward v. Thomas; (Alaska Supreme Court, 1964) 394 P.2nd 774. See also 48 Am.Jur.2nd 377, New Trial, § 166.

In this case we find that the evidence is directly concerned with the central issue in the case whether or not the defendant was the father of the child in question. It seems clear that the evidence was discovered after the order of April 14, 1971, was made. We believe also that the defendant could not have discovered this evidence sooner considering the difficulty of getting the services of highly trained medical specialists in a special case of this kind. This evidence certainly is material and is not merely an addition to other similar testimony or to impeach witnesses who testified during the original hearing.

It is not necessary to decide in this case whether the one

year limitation given in Rule 60(b) (2), Federal Rules of Civil Procedure will apply to this case since the defendant's application was made well within one year from the date of the order of April 14, 1971. We believe, however, that Rule 9 of our Rules of Civil Procedure in adopting the Federal Rules of Civil Procedure as to evidence did not include all procedural matters contained in those rules.

We consequently hold that a further hearing of this appeal should be had for the sole purpose of hearing the testimony of the pathologist as to the defendant's physical condition.

The defendant's motion is accordingly allowed for the hearing of this one witness only and the plaintiff's motion to dismiss is denied. In this connection we observe that the plaintiff's motion to dismiss serves no purpose that could not be covered by the opposition to the defendant's motion.

Upon hearing the evidence of Dr. Herman, the pathologist, we find that by the great weight of the evidence the defendant at the time of the conception of the plaintiff's child was physically unable to be the father of a child and for that reason is not the father of the child, Randolph Phillips, the plaintiff's child.

The order of this Court dated April 14, 1971, declaring the defendant to be the father of said child is according reversed and it is directed that the name of said child be changed back to Randolph Phillips

and that the Agency Census Office at Shiprock, New Mexico, correct its records accordingly.

BECENTI, Associate Justice, and YELLOWHAIR, Associate Justice, concur.